**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 14-03106-04-CR-S-MDH |
| NELSON OLMEDA, | |
| Defendant. | |

### MOTION OF THE UNITED STATES FOR PRETRIAL DETENTION HEARING PURSUANT TO TITLE 18, UNITED STATES CODE, SECTION 3142(f)

**COMES NOW** the United States of America, by the United States Attorney for the Western District of Missouri, and does hereby move that the Court order a pretrial detention hearing pursuant to 18 U.S.C. § 3142(f), for the purpose of presenting evidence to determine whether any condition or combination of conditions of release will reasonably assure the defendant's appearance as required by the Court and the safety of other persons and the community. As grounds for the motion, the United States submits that:

1. There is probable cause to believe that the defendant committed the offenses of conspiracy to distribute and possession with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A);

2. The defendant poses a risk to the safety of others in the community; and

3. The defendant poses a serious risk to flee.

### SUPPORTING SUGGESTIONS

Subsection 3142(f), of Title 18, United States Code provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably assure the defendant's appearance and the safety of any other person

in the community if the attorney for the government moves for such a hearing and if the case involves an offense under the Controlled Substances Act (21 U.S.C. § 801, et seq.) for which imprisonment for ten years or more is possible.  In this case, the defendant is charged with conspiracy to distribute and possession with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine, a crime for which a term of not less than 10 years and not more than life in prison is possible.

The government further submits that in light of the complaint and affidavit filed in this case, there is probable cause to believe the defendant violated 21 U.S.C. § 841(a)(1) and (b)(1)(A).  Accordingly, the government suggests that upon a showing that there exists probable cause that the defendant committed the offense referred to in the complaint, there is a legal presumption, subject to rebuttal by the defendant, that no condition or combination of conditions will reasonably assure his appearance or assure the safety of the community.  See United States v. Apker, 964 F.2d 742, 743-44 (8th Cir. 1992); United States v. Dorsey, 852 F.2d 1068, 1069-70 (8th Cir. 1988).

Section 3142(e) and (f)(1) provides a presumption that a defendant will not appear for subsequent court appearances arises if the offense is one enumerated under the Controlled Substance Act as referred to above.  Under the Bail Reform Act there is also a presumption that the likelihood of flight increases with the severity of the charges, the strength of the government's case, and the penalty which conviction could bring.  See Apker, 964 F.2d at 744; See also United States v. Soto Rivera, 581 F.Supp 561 (D.C. Puerto Rico 1984); United States v. Menster, 481 F.Supp. 1117 (D.C. Fla. 1979).  As set forth above, defendant's statutory sentencing range is currently not less than ten years and not more than life.

For the reasons set forth above, the United States requests that a detention hearing be held and that the defendant be denied bail.

        Respectfully submitted,

        TAMMY DICKINSON
        United States Attorney

By    */s/ Gary Milligan*
        Gary Milligan, DC Bar #484813
        Assistant United States Attorney
        901 St. Louis Street, Suite 500
        Springfield, Missouri 65806-2511

## Certificate of Service

The undersigned hereby certifies that a copy of the foregoing was delivered on December 19, 2014, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

        */s/ Gary Milligan*
        Gary Milligan
        Assistant United States Attorney