UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION


UNITED STATES OF AMERICA,       )
                             )
                             )
         Plaintiff,      )
                             ) Case No.
        vs.           ) 14-CR-3106-MDH-4
                             )
                             )
NELSON OLMEDA,              )
                             )
        Defendant.      )


CHANGE OF PLEA
BEFORE THE HONORABLE M. DOUGLAS HARPOOL
TUESDAY, DECEMBER 20, 2016, 11:44 A.M.
SPRINGFIELD, MISSOURI




APPEARANCES:

FOR THE PLAINTIFF:        MR. RANDALL D. EGGERT
                        UNITED STATES ATTORNEY'S OFFICE
                        901 St. Louis, Ste. 500
                        Springfield, MO 65806

FOR THE DEFENDANT:        MR. DAVID KING BACK
                        ATTORNEY AT LAW
                        1516 E. St. Louis Street
                        Springfield, MO 65806

COURT REPORTER:           MS. JEANNINE RANKIN, RPR, CSR
                        UNITED STATES DISTRICT COURT
                        222 N. Hammons Parkway
                        Springfield, MO 65806


Proceedings recorded by mechanical stenography;
transcript produced by computer.

                   USA v NELSON OLMEDA

2                 CASE NO. 14-CR-3106-MDH-4

3                   CHANGE OF PLEA

4                   December 20, 2016

5                     * * * * * *

6       THE COURT: We are here in the case of Nelson

7 Olmeda. Who appears on behalf of the United States?

8       MR. EGGERT: Randy Eggert for the United States,

9 Your Honor.

10       THE COURT: And on behalf the defendant?

11       MR. BACK: David Back for the defendant.

12       THE COURT: All right. Mr. Olmeda, my name is Doug

13 Harpool. I'm the federal district judge that has

14 responsibility for the charges that are pending against you.

15 It's my job to preside over your case and if you were to go to

16 trial, to preside over your trial.

17       You previously have entered a plea of not guilty.

18 I've been advised that you're interested in changing that plea

19 and that that's why we're here. It is your right to change

20 your plea but it is my responsibility when you change your

21 plea to make sure the circumstances surrounding that decision

22 are appropriate and that you understand some of the rights

23 that you'd be giving up and some of the consequences of the

24 decision to plead guilty. Do you understand that's why we're

25 here?

```
 1                  THE DEFENDANT:  Yes, sir.

 2                  THE COURT:  In order to make the findings that I

 3    need to make, I have to receive evidence, and in order to

 4    receive evidence, I have to put somebody under oath and ask

 5    some questions.  That somebody is you.  Okay?  So I'm going to

 6    put you under oath and ask you questions.

 7                  Now, when you're under oath, you understand that

 8    false answers can get you in trouble, so be sure you

 9    understand the question I'm asking you and you answer the

10    question I'm asking.  If you don't understand it, just ask me

11    to rephrase it and I'll be glad to do that.  Okay?

12                  THE DEFENDANT:  I understand.

13                  THE COURT:  If you would raise your right hand.

14                  (Defendant duly sworn by Court.)

15                  THE COURT:  State your full name.

16                  THE DEFENDANT:  Nelson Olmeda.

17                  THE COURT:  And your age?

18                  THE DEFENDANT:  Twenty-six.

19                  THE COURT:  Can you read and write?

20                  THE DEFENDANT:  Yes, sir.

21                  THE COURT:  What's your educational background?

22                  THE DEFENDANT:  I dropped out at senior and I got my

23    GED.

24                  THE COURT:  But you are able to read and write?

25                  THE DEFENDANT:  Yes, sir.
```

3

1      THE COURT:  Am I correct that this is a stand-up

2   plea?

3      MR. BACK:  It is to two counts, Counts 1 and

4   Count 46 of the second superseding indictment.  He will admit

5   or acknowledge the forfeiture proceedings as well.

6      THE COURT:  Now, have you read the second

7   superseding indictment, Counts 1 and Counts 46?

8      THE DEFENDANT:  Yes, sir.

9      THE COURT:  Do you understand that under the

10  agreement that you would be pleading guilty to those?  Do you

11  understand that?

12     THE DEFENDANT:  Yes, sir.

13     THE COURT:  Now, I want to go to Count 1 here.

14  Count 1 charges you with conspiracy to distribute 500 grams or

15  more of a mixture or substance containing a detectible amount

16  of methamphetamine.  You aware of that?

17     THE DEFENDANT:  Yes, sir.

18     THE COURT:  You've read that one?

19     THE DEFENDANT:  Yes, sir.

20     THE COURT:  All right.  Count 46 accuses you of

21  possession with intent to distribute 500 grams or more of a

22  mixture or substance containing a detectible amount of

23  methamphetamine.  You're aware of that?

24     THE DEFENDANT:  Yes, sir.

25     THE COURT:  You've read that count?

4

| | |
|---|---|
| 1 | THE DEFENDANT:  Yes, sir. |
| 2 | THE COURT:  Which forfeiture allegation applies to |
| 3 | him? |
| 4 | MR. EGGERT:  Forfeiture Allegation 5, Your Honor. |
| 5 | THE COURT:  Have you read Forfeiture Allegation 5 in |
| 6 | the second superseding indictment? |
| 7 | THE DEFENDANT:  Yes, sir. |
| 8 | THE COURT:  Now, need to ask you some preliminary |
| 9 | questions before I get into anymore details about your |
| 10 | charges. |
| 11 | As you stand before me today are you under the |
| 12 | influence of any prescription medication? |
| 13 | THE DEFENDANT:  No, sir. |
| 14 | THE COURT:  Any street drug? |
| 15 | THE DEFENDANT:  No, sir. |
| 16 | THE COURT:  Any alcohol? |
| 17 | THE DEFENDANT:  No, sir. |
| 18 | THE COURT:  Do you suffer any mental illness? |
| 19 | THE DEFENDANT:  No, sir. |
| 20 | THE COURT:  Do you know of any reason why you're not |
| 21 | competent or capable to make the decision to change your plea |
| 22 | or to participate in this hearing? |
| 23 | THE DEFENDANT:  No, sir. |
| 24 | THE COURT:  Have you discussed with your lawyer -- I |
| 25 | don't want you to tell me what your lawyer said, but have you |

1    discussed with your lawyer the general topics of the strengths

2    and weaknesses of the government's evidence against you?

3              THE DEFENDANT:  Yes, sir.

4              THE COURT:  Have you talked to him about the

5    benefits and also concerns about admitting your guilt?

6              THE DEFENDANT:  Yes, sir.

7              THE COURT:  Have you talked generally about the

8    sentencing process that would be followed?

9              THE DEFENDANT:  Yes, sir.

10             THE COURT:  Have you had enough time that you've

11   asked your lawyer all the questions you have on those topics?

12             THE DEFENDANT:  Yes, sir.

13             THE COURT:  Do you have any other questions for your

14   lawyer that he hasn't been able to answer?

15             THE DEFENDANT:  No, sir.

16             THE COURT:  Are you satisfied with the services your

17   lawyer has provided you?

18             THE DEFENDANT:  Yes, sir.

19             THE COURT:  Mr. Back, have you had sufficient

20   discovery from the government that you feel you're in a

21   position to have properly advised your client?

22             MR. BACK:  I have and I am, yes, sir.

23             THE COURT:  Do you feel you've had enough time with

24   your client to discuss these issues?

25             MR. BACK:  I do.

6

THE COURT:  All right.  There are lots of
co-defendants in this case and sometimes people pressure other
people to do things they're not comfortable with so I want to
make sure.  Has anybody pressured you, threatened you,
threatened someone you care about with injury or harm in order
to try to force you into pleading guilty?

THE DEFENDANT:  No, sir.

THE COURT:  Has anybody made promises to you or your
family or someone you care about that they'll do something
favorable for them if you'll just agree to go ahead and plead
guilty?

THE DEFENDANT:  No, sir.

THE COURT:  Is the decision to change your plea to
guilty to these two counts one that you've come to
voluntarily?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you believe it's what's in your best
legal interest given the situation you're in?

THE DEFENDANT:  Yes, sir.

THE COURT:  Count 1, the conspiracy to distribute
500 grams or more of a mixture or substance containing a
detectible amount of methamphetamine, carries with it a
sentence of not less than ten years.

MR. EGGERT:  Your Honor?  I apologize.

THE COURT:  Has he got a prior?

7

1          MR. EGGERT:  Yes, Your Honor.

 2          THE COURT:  So I'm going to have Mr. Eggert then

 3  read -- because you have a prior, you face a higher sentence,

 4  so I'm going to have Mr. Eggert read the punishment you face.

 5          MR. EGGERT:  As to Count 1, the sentence would be

 6  not less than -- statutorily it would be not less than 20

 7  years' imprisonment, not more than life imprisonment, a

 8  $20 million fine, at least ten years of supervised release,

 9  and a $100 mandatory special assessment.  The offense in

10  Count 1 is a Class A felony.

11          THE COURT:  Are you aware that that's the

12  punishment --

13          THE DEFENDANT:  Yes, sir.

14          THE COURT:  -- if you admit guilt to Count 1 that

15  Congress has authorized?

16          THE DEFENDANT:  Yes, sir.

17          THE COURT:  You're aware that's a higher punishment

18  because of a prior criminal conviction you have?

19          THE DEFENDANT:  I understand.

20          THE COURT:  Go ahead, Count 46.

21          MR. EGGERT:  Yes, Your Honor.

22          As to Count 46, the statutory punishment range is

23  not less than 20 years' imprisonment, not more than life

24  imprisonment, a $20 million fine, at least ten years of

25  supervised release, and a $100 mandatory special assessment.

                                  8

Count 46 is a Class A felony.

    THE COURT:  Are you aware that that's the punishment
for Count 46?

    THE DEFENDANT:  Yes, sir.

    THE COURT:  And your forfeiture allegation is
Forfeiture Allegation 5 of the second superseding indictment
and it covers $20,000 in cash and then an additional $1,302 in
currency that was seized on or about November 6, 2014.

    If you agree to that forfeiture allegation, you
understand you're agreeing that you don't have any right or
interest in that whatsoever.

    THE DEFENDANT:  Yes, sir.

    THE COURT:  Now I want to talk to you a little bit
about sentencing.  All right?  If you admit guilt now, then
the Court would then move to the sentencing phase, and that
means the first thing that would happen is a presentence
investigation report would be written.  That report would
calculate your sentencing guidelines, and your sentencing
guidelines would be an offense level would be assigned to your
conduct and then a criminal history category would be assigned
to your conduct.  Then based on those two, we would use a
chart and it would determine what your guideline sentence is.
All right?  Has your lawyer generally discussed some of that
issue with you?

    THE DEFENDANT:  Yes, sir, he has.

9

1    THE COURT:  Today it's not possible to know exactly
2 what your guideline sentence would be because we have to wait
3 until the report's written and see what enhancements may exist
4 and that kind of thing.  Do you understand, then, that the
5 guideline in any event is just a guideline and that your
6 actual sentence can be above that guideline or below that
7 guideline and that I'll make that decision?  Do you understand
8 that?
9    THE DEFENDANT:  Yes, sir.
10    THE COURT:  In federal court we do not have parole.
11 So when you hear and talk about sentence lengths, you
12 understand that you should expect to serve the entire sentence
13 that you're given and not just a small percentage of it?
14    THE DEFENDANT:  Yes, sir.
15    THE COURT:  If on the day of your sentencing you
16 don't like my decision on what your sentence is -- don't know
17 that's going to happen by any means, just if it were to
18 happen, you understand that wouldn't be an excuse for you to
19 try to reverse the guilty plea you enter today?  You can't
20 withdraw it just because you don't like your sentence; you
21 understand that?
22    THE DEFENDANT:  Yes, sir.
23    THE COURT:  Your sentence as described by the U.S.
24 Attorney is going to include a period of supervised release.
25 That's a period of time after you completed your prison term

1    in which you have to follow rules and conditions that I will
2    establish on the day of your sentencing.  If you fail to
3    follow those rules, you could be sent back to prison for a
4    period of time.  Do you understand that?

5              THE DEFENDANT:  Yes, sir.

6              THE COURT:  I told you earlier that you are presumed
7    innocent and that is true until one of two things happens; one
8    is you admit your guilt or you go to trial.  You are aware
9    that you have the right to a jury trial?

10             THE DEFENDANT:  Yes, sir.

11             THE COURT:  Tell you a little bit about your jury
12   trial.  You would have 12 jurors.  The government would have
13   the burden of proving beyond a reasonable doubt to every one
14   of those jurors unanimously that you're guilty, and if the
15   government failed to do that, you would not be guilty in the
16   eyes of the law.  Do you understand that?

17             THE DEFENDANT:  Yes, sir.

18             THE COURT:  At trial a lawyer would be provided for
19   you and your lawyer would get the opportunity to
20   cross-examine, impeach and confront every item of evidence and
21   witness that would be called by the U.S. Attorney's Office.
22   Do you understand that?

23             THE DEFENDANT:  Yes, sir.

24             THE COURT:  At trial your lawyer could also call
25   witnesses to testify on behalf of you for your defense.  If a

Case 6:14-cr-03106-MDH   Document 1055   Filed 09/22/17   Page 11 of 21

1  witness was reluctant to come to court, I could use the power
2  of my position to try to compel them to come and testify.  Do
3  you understand that?
4          THE DEFENDANT:  Yes, sir.
5          THE COURT:  At trial you would have the right to get
6  on the stand and testify on your own behalf in defense of the
7  charges against you but you also have a right to remain
8  silent.  So if you chose not to testify, that would be a right
9  that I would protect and enforce even to the point of
10  instructing the jury that no adverse inference should be made
11  against you because all you were doing was taking advantage of
12  your constitutional right.  Do you understand that?
13          THE DEFENDANT:  Yes, sir.
14          THE COURT:  If I made a mistake on a ruling of law
15  or evidence at trial, your lawyer could file an appeal to a
16  higher court and challenge my rulings.  Do you understand
17  that?
18          THE DEFENDANT:  Yes, sir.
19          THE COURT:  Now, if I accept guilty pleas to Counts
20  1 and 46 of the second superseding indictment, do you
21  understand there will be no jury trial to determine your guilt
22  because your guilt will already be established?  Do you
23  understand that?
24          THE DEFENDANT:  Yes, sir.
25          THE COURT:  So all those rights associated with

12

1   trial that we talked about, you won't be taking advantage of

        2   those because your guilt will already be established and we'll

        3   go on to the sentencing phase of the trial.  Do you understand

        4   that?

        5           THE DEFENDANT:  Yes, sir.

        6           THE COURT:  Now, in order to accept a guilty plea, I

        7   have to find that there is evidence that a jury could hear

        8   that the government could present to a jury that would be

        9   sufficient for the jury to find you guilty.  In other words,

       10   if the jury believed the evidence that was presented, there

       11   would be enough evidence that you would be guilty of the

       12   crime.  All right?

       13           The U.S. Attorney is going to read in the record --

       14   or at least we have a written statement, I think, about what

       15   the evidence is that they think they can present.

       16           So, Mr. Eggert, how do you want to present this?

       17           MR. EGGERT:  Your Honor, I don't intend to read the

       18   factual statement unless the Court wants me to.

       19           THE COURT:  No.

       20           MR. EGGERT:  I will point out that the parties have

       21   prepared a factual statement for the plea in this case, the

       22   parties have signed that document and presented it to the

       23   Court which we believe contains evidence sufficient to justify

       24   the pleas of guilty as to Counts 1 and 46.  I will also note

       25   and point out that after the conclusion of this hearing I

                                        13

1  intend to file this document into the record of this case so
2  it will be available for review. But I believe that the
3  factual basis that's contained in the written statement that
4  was signed by the parties sufficiently contains the evidence
5  necessary to support the pleas of guilty.
6          THE COURT: Mr. Olmeda, you read this document
7  called Factual Statement Plea of Nelson Olmeda, correct?
8          THE DEFENDANT: Yes, sir.
9          THE COURT: Did you go over it carefully with your
10 lawyer?
11         THE DEFENDANT: Yes, sir.
12         THE COURT: Did you sign it?
13         THE DEFENDANT: Yes, sir.
14         THE COURT: When you signed it, were you agreeing
15 that the information contained in the factual statement were
16 true to the best of your knowledge?
17         THE DEFENDANT: Yes, sir.
18         THE COURT: Now, there was one little change we
19 ought to make a record on, I think, at the bottom of the third
20 page.
21         MR. EGGERT: There are actually two, Your Honor.
22 Both are on the third page. In the second full paragraph
23 there's a sentence that states, "At the time of arrest, $1,302
24 of United States currency was seized from Olmeda." We crossed
25 out the phrase "from Olmeda" and so it ends with the words

14

```
 1   "seized" with a period.  Then at the bottom --

 2             THE COURT:  Let's stop there.

 3             Mr. Olmeda, those two words are crossed out,

 4   correct?

 5             THE DEFENDANT:  Yes, sir.

 6             THE COURT:  They should be?

 7             THE DEFENDANT:  Yes, sir.

 8             THE COURT:  You approve it with them crossed out,

 9   correct?

10             THE DEFENDANT:  Yes, sir.

11             THE COURT:  All right.  Go ahead.

12             MR. EGGERT:  Then at the bottom of page 3 at the

13   very last paragraph there was a typographical error that was

14   caught by the defense attorney, Mr. Back.  The very last

15   sentence says Count 55 is a Class A felony.  It should read

16   Count 46 is a Class A felony.

17             THE COURT:  Mr. Olmeda, that change was made when

18   you signed the agreement?

19             THE DEFENDANT:  Yes, sir.

20             THE COURT:  You agree to that change?

21             THE DEFENDANT:  Yes, sir.

22             THE COURT:  In fact, it is Count 46 that you're

23   pleading to, not Count 55, correct?

24             THE DEFENDANT:  Yes, sir.

25             THE COURT:  Mr. Olmeda, this factual statement is
```

15

1  important because it not only allows me to accept the plea but
2  it also can contain some specific factual admissions that
3  might impact those sentencing guidelines I told you about
4  earlier by changing your offense level.  So you have carefully
5  gone over this with your attorney, correct?

6          THE DEFENDANT:  Yes, sir.

7          THE COURT:  And I know I've asked you this.  I want
8  to make sure.  There is nothing in here that you believe is
9  incorrect?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  You're going to file this later, is that
12  what we're going to do?

13          MR. EGGERT:  I intend to do that, Your Honor, yes.
14  I'm satisfied with the colloquy as to the facts.

15          THE COURT:  Just for the record, Mr. Back, you also
16  have reviewed it and signed it?

17          MR. BACK:  We have, Judge.  In fact, it was
18  Mr. Olmeda reviewing it that led to the corrections that we
19  addressed with the Court.

20          THE COURT:  All right.  Any further record under
21  Rule 11 you want me to make?

22          MR. EGGERT:  No, Your Honor.

23          THE COURT:  Mr. Back, any further record under Rule
24  11?

25          MR. BACK:  No, Your Honor.

Case 6:14-cr-03106-MDH  Document 1055  Filed 09/22/17  Page 16 of 21

```
 1              THE COURT:  All right.  Now, Mr. Olmeda, I told you
 2    I had to make a record in order to make findings.  I've asked
 3    you all the questions that I need to ask you in order to make
 4    a decision on whether to accept your plea.  But now that I
 5    have reminded you about your right to jury trial and appeal
 6    and your -- what the potential sentences are for the crime and
 7    some of the sentencing issues, I want to make sure:  How is it
 8    that you now want to plead to Count 1 of the second
 9    superseding indictment?
10              THE DEFENDANT:  I don't want to go to trial and get
11    more time.
12              THE COURT:  I'm sorry?
13              THE DEFENDANT:  I don't want to go to trial and get
14    more time.
15              THE COURT:  Did you say you do not want to go to
16    trial?
17              THE DEFENDANT:  Yes, sir.
18              THE COURT:  Okay.  I need you to say that you're
19    pleading guilty or not guilty.  You can plead either one but
20    you got to pick one or the other.
21              THE DEFENDANT:  I'm pleading guilty.
22              THE COURT:  Guilty to Count 1.  And is that because
23    you are guilty --
24              THE DEFENDANT:  Yes, sir.
25              THE COURT:  -- of the crime of conspiracy to
```

Case 6:14-cr-03106-MDH   Document 1055   Filed 09/22/17   Page 17 of 21

```
 1   distribute 500 grams or more of a mixture or substance
 2   containing a detectible amount of methamphetamine?
 3             THE DEFENDANT:  Yes, sir.
 4             THE COURT:  How do you now want to plead to Count 46
 5   of the second superseding indictment?
 6             THE DEFENDANT:  Guilty.
 7             THE COURT:  Is that because you are guilty of the
 8   crime of possession with intent to distribute 500 grams or
 9   more of a mixture or substance containing a detectible amount
10   of methamphetamine?
11             THE DEFENDANT:  Yes, sir.
12             THE COURT:  The Court finds that the defendant is
13   competent to make the decision to change his pleas and has
14   been competent to participate in this hearing.  The Court
15   finds that the guilty pleas have been entered understandingly,
16   knowingly and voluntarily.  The Court finds that the guilty
17   plea has been entered after the defendant has received full,
18   competent and capable services and advice of legal counsel and
19   after the defendant has been fully advised of the consequences
20   of entering into the plea.  The Court finds there is a factual
21   basis for the pleas of guilty.  The Court therefore accepts
22   the defendant's pleas of guilty to Count 1 and Count 46 of the
23   second superseding indictment.  The Court also finds the
24   forfeiture -- preliminarily finds the Forfeiture Allegation 5
25   in favor of the government and against the defendant.  I'm
```

Case 6:14-cr-03106-MDH   Document 1055   Filed 09/22/17   Page 18 of 21

1    going to order a presentence investigation report.

2            What's going to happen now is a report's going to be

3    written.  You and your lawyer will get to review it.  If you

4    think there are errors in it, you can file objections to it.

5    If those objections can't be worked out, then on the day of

6    your sentencing they'll be argued to me and I'll make a

7    decision on what the correct calculation of your sentencing

8    guidelines are.  That's one reason why today nobody can

9    guarantee you what those sentencing guidelines are because we

10   have to go through that process before we know for sure.

11           At your sentencing hearing I'll remind you of what

12   the authorized sentences are for the crimes you committed.

13   We'll talk about sentencing guidelines and take up those

14   objections.  We'll talk about factors in 3553(a) of Title 18

15   and whether or not a departure or variance from the guidelines

16   is appropriate in your case.  We'll talk about any other

17   factor relevant to sentencing under the law.  The lawyers will

18   each have an opportunity to make recommendations to me.

19           I'll give you a chance to say something to me.

20   You're not required to say anything, but I will give you that

21   opportunity before I make a final decision.  If you plan to

22   say something, please give it thought and discuss it with your

23   lawyer in advance of the hearing so you can get the benefit of

24   his advice and experience and the best way to phrase things

25   and what's better said and left unsaid.

19

1        When that's done, at the end of your sentencing

2   hearing I'll make a final decision as to what your sentence is

3   under the law.  I'm instructed to sentence you to a sentence

4   which is sufficient but not greater than necessary to meet the

5   objectives of the sentencing laws and that's what I'll do on

6   the day of your sentencing.  Until then you'll go back in the

7   custody of the marshals and stay at whatever local facilities

8   they place you in.  When your ultimate sentence is imposed,

9   you'll ultimately be transferred to the Bureau of Prisons to

10  serve your time.

11        I cannot tell you exactly when your sentencing will

12  take place.  It depends on a lot of factors; how long it takes

13  to get the report written and the objections resolved and what

14  everybody's schedule is after that, but we will get to it as

15  soon as we can.

16        You understand the process we're going to follow,

17  sir?

18        THE DEFENDANT:  Yes, sir.

19        THE COURT:  Anything further from the government?

20        MR. EGGERT:  No, Your Honor.  Thank you.

21        THE COURT:  Anything further, Mr. Back?

22        MR. BACK:  No, Your Honor.

23        THE COURT:  All right.  Then we will be in recess.

24        (Court stands in recess at 12:06 p.m.)

25

1                    CERTIFICATE OF OFFICIAL REPORTER

2          I, Jeannine M. Rankin, Federal Official Court Reporter,

3     in and for the United States District Court for the Western

4     District of Missouri, Southern Division, do hereby certify

5     that the foregoing is a true and correct transcript of the

6     stenographically reported proceedings.

7

8

9

10

11                         */s/ Jeannine M. Rankin*

12    Date:      09/14/17      Jeannine M. Rankin, CCR, CSR, RPR

13

14

15

16

17

18

19

20

21

22

23

24

25