IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14-cr-03106-04MDH |
| | ) | |
| NELSON OLMEDA, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's *pro se* Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) and and Part A (the "status-point" provision) of Amendment 821 to the Sentencing Guidelines. (Doc. 1508). Defendant Olmeda also requests a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), alleging extraordinary and compelling reasons exist under U.S.S.G. § 1B1.13(b)(6) because he is serving an unusually long sentence.

The government has filed a response stating that the Court should deny Defendant's motion because while his Guidelines range has now been lowered under Amendment 821, Defendant was sentenced to the statutory mandatory minimum of 240 months. The government also argues that Defendant has not demonstrated an extraordinary and compelling reason justifying a reduction, and the factors set forth in 18 U.S.C. §§ 3553(a) and 3142 do not justify a reduction in sentence. (Doc. 1516).

On July 22, 2015, a Second Superseding Indictment was returned, charging a total of 29 named defendants, including Nelson Olmeda. Olmeda was charged in Count 1 with conspiracy to distribute 500 grams or more of methamphetamine between December 1, 2013, and November 29, 2014; and in Count 46 with possession with the intent to distribute 500 grams or more of

1

Case 6:14-cr-03106-MDH    Document 1522    Filed 02/27/25    Page 1 of 5

methamphetamine between November 3, 2014 and November 5, 2014. The range of prison punishment is the same for both counts: not less than 10 years' imprisonment and not more than life imprisonment. On August 7, 2015, the Government filed an Information to establish prior conviction pursuant to 21 U.S.C. § 851, asserting Olmeda's prior felony possession of marijuana conviction from Hays County, State of Texas, subjected Olmeda to a mandatory minimum sentence of 20 years' imprisonment upon a conviction in the Superseding Indictment.

On December 20, 2016, Olmeda entered open pleas of guilty to conspiracy to distribute 500 grams or more of methamphetamine in Count 1 and to possessing with intent to distribute 500 grams or more of methamphetamine in Count 46. During this guilty plea hearing, a document titled "Factual Statement-Plea of Nelson Olmeda," having been previously reviewed and signed by all parties including Olmeda, was filed with the Court. This document provided the factual basis to support both counts of conviction. This document also provided a factual basis for the Government's Section 851 Information to establish prior conviction, listing Olmeda's prior felony conviction for possession of marijuana, and clearly stating that because of his prior felony drug conviction, Olmeda will be facing "not less than 20 years imprisonment" in Counts 1 and 46.

During his guilty plea, Olmeda admitted to the Court that he did have a prior felony conviction for possession of marijuana in Hays County, State of Texas, as set out in the Government's Section 851 Information to establish prior conviction.

A presentence investigative report (PSR) was prepared and filed on March 17, 2017. This report calculated Olmeda's total offense level at 35 for his charges and a criminal history category of III, resulting in a guideline imprisonment range of 210 months to 262 months, before any prior conviction enhancement is applied.

On June 22, 2017, this Court sentenced Olmeda on both counts to a concurrent term of 240 months' imprisonment; the statutory mandatory minimum under the provisions of 21 U.S.C. § 841(b)(1)(A) and § 851.

On June 29, 2017, Olmeda filed a timely notice of appeal. On appeal, Olmeda argued that his sentence was impermissibly enhanced under § 841(b)(1)(A) and § 851. *United States v. Olmeda*, 716 Fed. Appx. 576, 577 (8th Cir. 2018). The Eighth Circuit found that the prior felony drug conviction supported the enhancement under the Texas Penal code and precedent and affirmed his conviction and sentence. *Id.*

Olmeda has now filed a motion for early release under 18 U.S.C.§ 3582(c)(1)(A)(i) and 18 U.S.C. § 3582(c)(2) and Part A (the "status-point" provision) of Amendment 821 to the Sentencing Guidelines. Olmeda is currently incarcerated at FCI Beaumont Low in Beaumont, Texas, with a projected release date of February 9, 2031.

Defendant moves the Court to reduce his sentence under 18 U.S.C. § 3582(c)(2) and Part A (the "status-point" provision) of Amendment 821 to the Sentencing Guidelines. The government argues the Court should deny his motion because Part B of Amendment 821 does not apply to him, and while Part A would change his guidelines range, his sentence already lies at the statutory minimum. Defendant is therefore ineligible for a reduction under Section 3582(c)(2).

As set forth in the government's response:

> In general, a federal court "may not modify a term of imprisonment once it has been imposed." *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). Section 3582(c)(2) provides an exception: a court may modify an otherwise final term of imprisonment when a defendant was originally sentenced under a guidelines range that the Sentencing Commission has subsequently lowered and the reduction is consistent with the applicable policy statement, U.S.S.G. § 1B1.10. *Dillon*, 560 U.S. at 819-22. The court must recalculate the guidelines range as if the amended guideline had been in effect at

3

the initial sentencing, leaving all other guidelines calculations unchanged. U.S.S.G. § 1B1.10(b)(1). If the amendment does not apply or the guidelines range does not change, the court may not reduce the defendant's sentence. *See Id*. § 1B1.10(a)(2). Even if the amendment applies and lowers the guidelines range, the court may not impose a sentence below the amended guidelines range. See id. § 1B1.10(b)(2)(A). Notwithstanding *United States v. Booker*, 543 U.S. 220 (2005), these guidelines provisions remain mandatory. *See Dillon*, 560 U.S. at 829-30.

At the time of Defendant's sentencing, Section 4A1.1(d) provided that a defendant who committed the instant offense while under a criminal justice sentence should receive two additional criminal history points. See U.S.S.G. § 4A1.1(d) (2016). In 2023, the Sentencing Commission redesignated Section 4A1.1(d) as Section 4A1.1(e) and amended it to provide that a defendant who otherwise received 7 or more criminal history points and committed the instant offense while under a criminal justice sentence should receive just one additional criminal history point. See Amendment 821, United States Sentencing Guidelines. The Commission also added a new Section 4C1.1 to the Sentencing Guidelines: the new section provides for a two-level downward adjustment in a defendant's offense level if the defendant received zero criminal history points and meets other criteria. See *Id*. These amendments became effective for newly sentenced defendants on November 1, 2023, and became retroactive for previously sentenced defendants on February 1, 2024.

The government's opposition argues that Defendant is not eligible for relief under either provision of Amendment 821. While application of the status-point provision would reduce his criminal history score from 5 to 3, change his criminal history category from III to II, and reduce his guidelines range to 188 to 235, it does not change the statutory minimum. Defendant's sentence is "based on" the statutory minimum and not on any guidelines range that has been subsequently lowered. See *Koons v. United States*, 584 U.S. 700, 705 (2018); see also U.S.S.G. § 1B1.10 cmt. n.1(a) (stating that defendant is ineligible where "the amendment does not have the

effect of lowering the defendant's applicable range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)").

Wherefore, after careful consideration of the record before the Court, including the arguments contained in the Government's response, the Court hereby **DENIES** Defendant's motion. (Doc. 1508). The Court also **DENIES** Defendant's motion to strike. (Doc. 1518). Defendant moves to strike the government's response. The Court finds no basis to strike the government's response to Defendant's motion for a sentence reduction.

**IT IS SO ORDERED**.

DATED:  February 27, 2025  /s/ Douglas Harpool
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**